FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2014 ★
BROOKLYN OFFICE

DAVID LAWRENCE,

    Plaintiff,

-against-

CRAIG RAMSEUR, individually and in his
official capacity as Court Attorney Referee;
WANDA WARDLAW MATTHEWS,
individually and in her official capacity
as Court Attorney Referee,

    Defendants.

------------------------------------------------------------x

DECISION AND ORDER
14-CV-4052 (WFK)(LB)

**WILLIAM F. KUNTZ II, United States District Judge:**

On June 30, 2014, *pro se* plaintiff David Lawrence filed this complaint against two New York State Court Attorney Referees of the Family Court of the State of New York, County of Queens ("Queens Family Court") alleging that the state court's entry of a temporary order of protection against him violates his constitutional rights. He seeks to have the orders of the Queens Family Court "dismissed without prejudice" and "all subsequent orders and acts" by the defendants be declared void with prejudice. Dkt. 1 ("Complaint") ¶ 36. Plaintiff also filed an "Emergency OSC TRO for Relief of a Void Judgment Pursuant to Rule 60(B)(4) of the Federal Rule of Civil Procedure for Relief of a Void Judgment," by which he seeks the same relief. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed and Plaintiff's request for a temporary restraining order or preliminary injunction is denied for the reasons set forth below.

## I.    Background

The Court assumes familiarity with the facts of Plaintiff's prior action in this Court,

1

*Lawrence v. Hoyos*, 14-CV-1875 (WFK)(LB) (dismissed March 25, 2014) in which Plaintiff challenged his eviction from the property located at 255-10 149th Avenue, Rosedale, New York ("the Property") on the grounds that his constitutional rights were violated.

From this new filing, it is clear that the litigation and antagonism between Plaintiff and his mother, Irma Lawrence, is ongoing in Queens County Family Court. *See Lawrence v. Lawrence*, 0-05690-14, File No. 104072. At the heart of the challenged state court proceeding are Plaintiff's ongoing housing and domestic disputes with his mother—in particular, Plaintiff's practice of affixing various Court documents to the property and telephoning his mother to apprise her of supposed court dates. On June 6, 2014, Irma Lawrence obtained a temporary order of protection against Plaintiff; Plaintiff has been ordered to stay away from her, her home and to cease communication with her until July 21, 2014, the date on which there is a hearing on Irma Lawrence's family offense petition. On June 23, 2014, Plaintiff filed an Order to Show Cause seeking a modification of the Order of Protection in Queens Family Court. He alleges herein that the entry of the order of protection violates his rights under the Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

## II. Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Notwithstanding the liberal pleading standard afforded to *pro se* litigants, Plaintiff must

establish that the court has subject matter jurisdiction over the action. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also Rene v. Citibank NA*, 32 F.Supp.2d 539, 541–43 (E.D.N.Y. 1999) (Spatt, J.) (dismissing *pro se* complaint for lack of subject matter jurisdiction). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

### III. Discussion

Plaintiff seeks dismissal of the temporary order of protection entered against him in Queens County Family Court. However, Plaintiff's claims challenging family court proceedings are barred under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts cannot intervene in ongoing state court proceedings except in the most extraordinary circumstances and upon clear showing of both great and immediate harm. *Younger*, 401 U.S. at 46; *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 426, 432 (1982). In the "interests of comity and federalism," the doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984). Therefore, a federal court should abstain from exercising jurisdiction when: (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the state proceeding affords the plaintiff an adequate opportunity for judicial review of federal, constitutional claims. *Gentner v. Shulman*, 55 F.3d 87, 89–90 (2d Cir. 1995). Accordingly, where *Younger* applies, "the appropriate remedy is dismissal" of the federal action,

thus allowing state court review of the constitutional claims at issue. *Fleming v. Grosvenor*, No. 08–CV–3074, 2008 WL 3833589, at *2 (E.D.N.Y. Aug. 15, 2008) (Ross, J.).

Here, each of the three conditions is satisfied. First, Plaintiff is challenging the ongoing state proceeding. Second, Plaintiff's challenge to the constitutionality of the Family Offense proceeding implicates important state interests. Third, Plaintiff has not alleged that he lacks the opportunity to present his constitutional challenges in state court. In fact, New York state law provides multiple opportunities for appeal. N.Y. Fam. Ct. Act § 1112; *Brown v. Comm'r of Admin. for Children's Servs. of City of New York*, 2009 WL 602905 at *5 (S.D.N.Y. March 9, 2009) (Berman, J.). Furthermore, Plaintiff's allegations fail to show either great or immediate harm. *Younger*, 401 U.S. at 46. Accordingly, this Court must abstain from adjudication of Plaintiff's claims challenging ongoing state court proceedings.

### IV. Conclusion

This Court dismisses the instant *pro se* complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). Likewise, Plaintiff's request for a temporary restraining order or preliminary injunction is DENIED. Any state law claims that Plaintiff may have are dismissed without prejudice. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**

Dated: June 30, 2014
      Brooklyn, New York

/S/ Judge William F. Kuntz, II
HON. WILLIAM F. KUNTZ, II
United States District Judge

4